Leonardo v Aaron (2023 NY Slip Op 00373)

Leonardo v Aaron

2023 NY Slip Op 00373

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Friedman, J.P., Moulton, Mendez, Pitt-Burke, JJ. 

Index No. 365453/21 Appeal No. 17184 Case No. 2022-02723 

[*1]Georgilia Leonardo, Plaintiff-Respondent,
v
Ahdawantazalam Aaron, Defendant-Appellant.

Ahdawantazalam Aaron, appellant pro se.
Manuel Portela, New York, for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered May 16, 2022, which denied defendant's motion, denominated as one for leave to reargue, which, in effect, sought to vacate a pendente lite order, same court and Justice, entered March 8, 2022, which, upon defendant's default, awarded plaintiff $1,362.56 in monthly maintenance and $5,000 in counsel fees, unanimously affirmed, without costs.
In seeking to vacate his default, defendant neither demonstrated a reasonable excuse for his failure to appear at the hearing on plaintiff's motion seeking pendente lite support, nor a meritorious defense to the pendente lite order entered upon his default (see CPLR 5015[a]; Goncalves v Stuyvesant Dev. Assoc., 232 AD2d 275, 276 [1st Dept 1996]). The motion court providently exercised its discretion in rejecting defendant's claim that he was not properly served with notice of the hearing where defendant consented to electronic filing and service, as permitted under Uniform Rules for Trial Courts (22 NYCRR) § 202.5-b(b)(2)(i), and it is undisputed that plaintiff's order to show cause was filed with NYSCEF. Furthermore, contrary to defendant's contention, plaintiff properly submitted a sworn statement of net worth as of December 2021, and her 2020 income tax return — her most recent as of signing the statement of net worth — in support of her pendente lite motion.
Defendant's claim that notice was sent to the wrong email address is a factual issue raised for the first time on appeal and cannot be determined on this record (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525 [1st Dept 2014]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023